IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00698-PAB-KMT

NANCY L. HENDERLONG

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant.

## PROTECTIVE ORDER

To facilitate discovery by adequately protecting materials the parties claim are confidential and proprietary and to avoid unnecessary discovery disputes, it is hereby ORDERED that:

    1.    A party producing documents or serving written discovery responses that the producing party contends contain trade secrets, proprietary business information, confidential research, development, or commercial information, or sensitive medical or personal information ("Confidential Information") shall have that party's counsel mark such documents, or a portion thereof, with the word "Confidential." That party's counsel shall designate information as confidential only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c).

    2.    If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for any

party claiming confidentiality for the Confidential Information shall inform the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript.  In addition, any other person claiming that any information disclosed in the deposition is Confidential Information may so inform the court reporter and counsel for all parties in the same manner and within the same period.  Each transcript and all testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

   3.  The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

   4.  Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, to anyone for any purpose whatsoever, other than as required by the parties and their counsel for the preparation and trial of this action.  Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 5 below.

   5.  Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a.  the parties and their past and present officers, directors, employees, and agents; however, by agreeing to this protective order, no party waives or releases its

rights pursuant to any confidentiality or non-disclosure agreements with past officers, directors, employees, or agents;

 b. counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

 c. testifying and non-testifying experts and consultants retained by the parties whose assistance is necessary for the litigation of this action;

 d. the Court and Court personnel, in accordance with the procedures regarding filing under seal as described herein, including any Magistrate Judge or Special Master appointed by the Court, court reporters, employees of outside copy services or digital reproduction services used to make copies of Confidential Information, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action;

 e. potential, anticipated, or actual fact witnesses who counsel for the disclosing party believes in good faith is likely to have knowledge pertaining to the content of the Confidential Information to be disclosed by such witness;

 f. witnesses who testify at depositions, hearings, or at trial, if any such further proceedings occur in this case;

 g. and any person expressly named and agreed to in writing by the parties, or by further Order of the Court.

6. Before being given access to Confidential Information, each Qualified Person (other than counsel of record, the parties, those persons defined in paragraph 5(d), and current officers, directors, employees, and agents of the party that produced the Confidential

Information) shall be advised, by counsel of the party giving access to Confidential Information, of the terms of this Order, shall be given a copy of this Order, shall agree in writing, in the form attached hereto as Exhibit A, to be bound by the terms of this Order, and shall agree to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

7. Counsel for each party shall maintain all such executed Exhibit As and a list of all Qualified Persons (other than counsel of record, the parties, those persons defined in paragraph 5(d), and current officers, directors, employees, and agents of the party that produced the Confidential Information) to whom they or their client have provided any Confidential Information, and those Exhibit As and the list shall not be available to an opposing party but shall only be available for *in camera* inspection by the Court if good cause for review is demonstrated by an opposing party. In addition, each Qualified Person and their attorneys expressly agree that they are subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

8. Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

9. If any counsel of record distributes copies of material containing Confidential Information to one or more Qualified Persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be either destroyed or returned to that counsel of record at the completion of the Qualified Person's consultation or representation in this case. If a Qualified Person destroys such material, rather than returning it to that counsel of record, the Qualified Person shall promptly provide to that counsel of record an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have been destroyed. That counsel of record shall, upon request by opposing counsel or the Court, provide to opposing counsel (a) an affidavit stating that all materials containing Confidential Information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of that counsel of record's knowledge, been returned or destroyed as required, and (b) all affidavits of Qualified Persons who provided that counsel of record with affidavits pursuant to the provisions of this paragraph.

10. Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Order. Any Confidential Information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under seal. The party filing the document must comply with the requirements of D.C.Colo.LCivR 7.2. With respect to all motions and pretrial proceedings, any party who intends to file or lodge Confidential Information or portions thereof or information therefrom in support of or in

connection with such motion or proceeding shall cause them to be filed or lodged with the Court under seal, and accompanied by a Motion to Seal, by filing them in an envelope or container or electronically as permitted by the ECF Guidelines with a label prominently stating, "SEALED BY PROTECTIVE ORDER ON (DATE OF THIS PROTECTIVE ORDER)" for printed filings and electronically marked as "UNDER SEAL" for electronic filings and

> "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

and shall remain sealed while in the office of the Clerk so long as they retain their status as Confidential Information. Said Confidential Information shall be kept under seal until further order of the Court; however, said Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential Information contained therein under the terms of this Order.

11. Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information shall be returned to counsel for the party who produced those materials or shall be destroyed, with the exception that counsel of record may retain one copy of each deposition transcript designated as Confidential Information, subject to the ongoing confidentiality obligations imposed herein. If material containing Confidential Information is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that all materials containing such Confidential Information have been destroyed.

12. After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the Colorado Rules of Professional Conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

13. This Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the parties have control.

14. This Order does not constitute a waiver or limitation of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential research, development, or commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential research, development, or commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

15. By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to the admissibility at trial of any such document or of any information contained in any such document.

16. This Order does not constitute a waiver or limitation of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege or other

applicable privilege, the work-product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

17. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party, to assert or apply for additional or different protection.

18. Nothing in this Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

19. If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

20. If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

21. A party may challenge the designation of a document or other material as Confidential only as follows:

    a. If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

    b. If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 30 days from the receipt of the written challenge notice to apply to the Court for an order confirming the "CONFIDENTIAL" designation. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

22. This Protective Order may be altered or amended by the Court upon request by either Party only with a showing of good cause.

Dated this 26th day of August, 2010.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00698-PAB-KMT

NANCY L. HENDERLONG

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

      Defendant.

---

## EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

      I, _____, declare and agree as follows:

    1.    My address is _____
_____.

    2.    My present employer is _____
_____.

    3.    My present occupation or job description is _____
_____.

    4.    I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

    5.    I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

    6.    I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

7.      I agree (a) to notify all stenographic, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, (b) to provide them with a copy of this declaration for their signature, and (c) to obtain and keep the copy of this declaration after it has been properly signed.

8.      I agree that I will not show, disseminate, or in any way communicate, orally, in writing, or otherwise, to anyone, or use or copy, for any purpose whatsoever, other than as required for the preparation and trial of this action, any Confidential Information provided to me in connection with this litigation, and I will not reveal any Confidential Information to any person who is not a "Qualified Person" as defined in paragraph 5 of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this \_\_\_\_ day of _____, _____, at _____.

Signed:_____