IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00698-PAB-KMT

NANCY L. HENDERLONG,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's motion for remand to state court [Docket No. 13] and defendant's motion for leave to take jurisdictional discovery and for a stay of plaintiff's motion [Docket No. 18]. The motions are fully briefed and ripe for disposition.

Plaintiff suffered injuries in a car accident on February 17, 2003. She alleges that her "injuries are permanent and will require medical care for the rest of [her] life." Docket No. 1-1 at 1-2, ¶ 3. At the time of the accident, plaintiff was insured by a policy issued by defendant. She contends that defendant "is obligated to extend coverage pursuant to the statutes and requirements of the State of Colorado, more specifically, the Colorado Automobile Reparations Act." Docket No. 1-1 at 2, ¶ 4 (citing the then-effective Colo. Rev. Stat. § 10-4-701 *et seq.* ("No-Fault Act"), which has since been repealed).

Plaintiff commenced this case in state court in Denver, Colorado. Defendant

filed its notice of removal in this Court on March 25, 2010 [Docket No. 1] . Although defendant specifically invokes 28 U.S.C. § 1332(d)(2) as the basis of the Court's jurisdiction, *see* Docket No. 1 at 1, the factual bases defendant cites in support of jurisdiction make clear that it is invoking 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) provides that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). On April 5, 2010, plaintiff filed her motion to remand this case to state court, arguing that defendant failed to demonstrate that the amount in controversy exceeds $75,000. *See* Docket No. 13.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Plaintiff did not claim damages in a sum certain in her state court complaint. Therefore, defendant must "prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Company*, 529 F.3d 947, 953 (10th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)). The Tenth Circuit has addressed how a defendant may meet the preponderance threshold "in the face of a silent complaint." *McPhail*, 529 F.3d at 954. "'[T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover.'" *Id.* at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*,

2

441 F.3d 536, 541-42 (7th Cir. 2006)).  Doing so requires defendant to "affirmatively establish jurisdiction by providing jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play . . . ." *Id.* at 955 (emphasis in original).

Although the complaint in this case does not contain a sum certain, the allegations of the complaint provide the bases for the amount in controversy determination.  Specifically, plaintiff seeks, in her fifth claim for relief, "to receive [extended Personal Injury Protection ("PIP")] coverage as a matter of law, including payment of all medical bills and increased lost wages, without time or amount limitation."  Docket No. 1-1 at 4, ¶ 30.  In its notice of removal, defendant contends that it has "paid $43,507 in basic PIP benefits to Plaintiff, and has informed Plaintiff that any further right to PIP for medical expenses has expired."  Docket No. 1 at 4, ¶ 14.  Plaintiff does not contest this fact.  Defendant further points out that the "total of all basic PIP benefits amount to approximately $130,000" pursuant to the No-Fault Act, Colo. Rev. Stat. 10-4-706(1), *see* Docket No. 1 at 4, ¶ 13, which plaintiff does not refute.  These averments demonstrate that plaintiff not only seeks additional coverage, but expects the need for such additional coverage to exceed the $130,000 cap.  *Cf. Kethley v. Casualty Ins. Co. of Hartford*, 10-cv-00154-CMA-MEH, 2010 WL 924153, at *4 (D. Colo. March 10, 2010) (concluding, in a case relied upon by plaintiff, that "unpaid medical payment benefits in the amount 'exceed[ing] $2,000' is the only quantification of damages sought") (alteration in original).  In light of these facts, it is clear that plaintiff seeks a minimum of $86,493.00 of additional coverage.  Furthermore, the now-repealed No-Fault Act "provides that enhanced PIP benefits may be subject to an

3

aggregate limit of $200,000." *Whitehead-Rojas v. American Family Mutual Insurance Company*, No. 08-cv-00103-WDM-KLM, 2008 WL 1924899, at *3 (D. Colo. April 28, 2008) (citing Colo. Rev. Stat. § 10-4-710(2)(b) (2002)). Again, the complaint seeks PIP coverage "without time or amount limitation," Docket No. 1-1 at 4, ¶ 30, revealing plaintiff's belief that she will require coverage beyond any statutorily-imposed limit, i.e., no less than an additional $156,493.00 of coverage.[1]

Defendant is permitted to make such "estimate[s] of the potential damages from the allegations in the complaint." *McPhail*, 529 F.3d at 955 (citing *Meridian*, 441 F.3d at 541). Here, defendant has demonstrated that plaintiff's complaint "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000." *Id.* In sum, the Court does not have "trouble concluding . . . that these allegations are sufficient to establish that the amount in controversy meets the prerequisites of 28 U.S.C. § 1332 and that I have jurisdiction." *Whitehead-Rojas*, 2008 WL 1924899, at *3. Because defendant has successfully identified contested facts that demonstrate that more than $75,000 is in issue, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954 ("The 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself."). As noted above, defendant's calculations find support in the complaint, additional relevant facts, and the applicable law. Plaintiff responds that $86,493 and $156,493 "are not amounts that [she] has asked the Court

---

[1] The Court also notes that, in addition to "PIP benefits not limited to time or amount," plaintiff seeks "compensation for the breach of contract, for outrageous conduct, for treble damages, . . . [and for] attorney's fees . . . ." Docket No. 1-1 at 4-5.

to award in damages." Docket No. 13 at 3. *McPhail*, however, makes it abundantly clear that the Court is not limited to the face of the complaint. *See McPhail*, 529 F.3d at 955 ("[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount.").

Plaintiff also claims that she "has not included a claim for anticipatory repudiation, where she would be entitled to payment [of the] remaining contract benefits." Docket No. 13 at 3. In other words, plaintiff implies that, by including such a claim, she would have been seeking the remaining contract benefits, as calculated by defendant. Despite plaintiff's contention to the contrary, the complaint does include a claim for anticipatory repudiation. *See* Docket No. 1-1 at 3 (asserting a claim for "Breach of Contract and Anticipatory Breach of Contract") and 3, ¶ 22 ("[Defendant] has anticipatorily breached the contract of insurance it has with Plaintiff."); *see also* Docket No. 1-1 at 2-3, ¶ 14 (describing defendant's "refusal and anticipatory repudiation of its obligation to pay"). Therefore, it would seem that plaintiff, by her own account, is seeking the remaining contract benefits.

In sum, defendant has shown by a preponderance of the evidence "the facts necessary to establish that more than $75,000 was in controversy," and plaintiff identifies no basis to conclude that it is "'legally certain' that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954, 957.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for remand to state court [Docket No. 13] is DENIED. It is further

**ORDERED** that defendant's motion for leave to take jurisdictional discovery and for a stay of plaintiff's motion [Docket No. 18] is DENIED as moot.

DATED September 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge