IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00698-PAB-KMT

NANCY L. HENDERLONG,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

# ORDER

The case arises out of a car accident on February 17, 2003, in which plaintiff suffered permanent injuries. At the time of the accident, plaintiff was insured by a policy issued by defendant Allstate Insurance Company ("Allstate"). Plaintiff alleges that Allstate is "obligated to extend coverage pursuant to the statutes and requirements of the State of Colorado," Docket No. 1-1 at 2, ¶ 4, but has failed to do so.

Plaintiff commenced this action against Allstate on February 23, 2010 in the District Court for Denver County, Colorado.[1] Plaintiff brings five claims for relief. In her fourth claim for relief, plaintiff alleges that Allstate's failure to adequately investigate her claims for coverage and premature discontinuation of her benefits constitute "outrageous conduct." On April 1, 2010, Allstate filed a motion to dismiss plaintiff's

---

[1] On March 25, 2010, Allstate removed the case to this Court, *see* Docket No. 1, invoking 28 U.S.C. § 1332(a) as the basis of this Court's jurisdiction.

fourth claim for relief [Docket No. 11]. Plaintiff did not file a response, and the motion is ripe for disposition.[2]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

---

[2]"[E]ven if a plaintiff does not filed a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) (internal quotation marks and citations omitted).

shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

Plaintiff's complaint fails to state a claim for outrageous conduct. In Colorado, "[t]he elements of outrageous conduct are: (1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress." *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo. App. 2003) (citing *McCarty v. Kaiser-Hill Co.*, 15 P.3d 1122, 1126 (Colo. App. 2000)).

Plaintiff alleges no facts supporting the inference that Allstate "engaged in extreme and outrageous conduct." Rather, she alleges that Allstate "is in a position of power and authority over the Plaintiff" and that Allstate "fail[ed] to properly investigate and adjust" plaintiff's claims and "premature[ly] discontinu[ed]" her benefits. Docket No. 1-1 at 4, ¶¶ 26-27. In short, she rests her outrageous conduct claim upon a claimed breach of contract without any additional averments supporting the inference that Allstate's conduct was extreme or outrageous. Such pleading falls short of meeting the first element of an outrageous conduct claim. *See Pearson*, 70 P.3d at 597 ("[T]he level of outrageousness required to create liability is extremely high. Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient. Only conduct that is so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community, will suffice.").[3]

Furthermore, the complaint lacks any allegations that Allstate's conduct was reckless or done with the intent to cause the plaintiff severe emotional distress. The closest the complaint comes is to allege that Allstate's failure to pay benefits "constitutes a bad faith breach of its contractual agreement." Docket No. 1-1 at 3, ¶ 14. That is not, on its own, sufficient to support an inference of liability for outrageous conduct. *See Schultz v. Allstate Ins. Co.*, 764 F. Supp. 1404, 1411 (D. Colo. 1991) (concluding that conduct amounting to bad faith breach of contract is alone insufficient to make out a claim for outrageous conduct).

Therefore, it is

**ORDERED** that Allstate's motion to dismiss plaintiff's fourth claim for relief [Docket No. 11] is GRANTED. Plaintiff's fourth claim for relief is dismissed.

DATED October 14, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3]*Cf. Green v. Qwest Services Corp.*, 155 P.3d 383, 385 (Colo. App. 2006) (noting that the Colorado Supreme Court had "concluded as a matter of law that an employer's alleged conduct of instructing its employee to conduct an illegal undercover narcotics investigation, laundering money to fund an investigation, and firing the employee as a scapegoat to cover up the involvement in criminal activity was not sufficiently outrageous to support the employee's outrageous conduct claim") (citing *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999)).